a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **LOUISSON AUGUSME #26278-104,** Plaintiff | CIVIL DOCKET NO. 1:23-CV-00127 SEC P |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN POLLOCK USP,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 7) filed by pro se Plaintiff Louisson Augusme ("Augusme") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Augusme is incarcerated at the United States Penitentiary in Pollock, Lousiana. He names as Defendants Lt. J. Dickson and Officer Whitley.

Because Augusme fails to state a viable constitutional claim, his Complaint (ECF No. 7) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Augusme alleges that he and his cellmate received multiple threats from other inmates in their Unit, so they asked Defendants to move them to safety. ECF No. 7 at 3. Instead of being moved to the Special Housing Unit, Augusme and his cellmate

---

[1] The Clerk provided Augusme with a Complaint form for filing suit under 42 U.S.C. § 1983. Since Augusme sues federal agents for damages, however, his claim arises under *Bivens* rather than § 1983.

1

were moved to the quarantine unit and placed in a "filthy" room. *Id.* at 5. Augusme was told they would only be there for one day, but they ended up there for one month. *Id.*

Augusme alleges that he had no soap, toothbrush, towels, change of clothes, or bed roll for almost the entire month, and only received soap and a toothbrush after 21 days. *Id.*

Augusme requests a transfer to another facility as well as monetary damages.

## II. Law and Analysis

### A. Augusme's Complaint is subject to preliminary screening.

Because Augusme is suing officers or employees of a governmental entity and proceeding in forma pauperis, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. <u>Augusme fails to state a viable *Bivens* claim.</u>

Although § 1983 entitles an injured person to money damages if a state official violates his or her constitutional rights, Congress did not create an analogous statute for federal officials. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). An implied damages remedy against federal officials in their individual capacities for the violation of an individual's constitutional rights was first recognized in *Bivens*.

The United States Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times – in *Bivens*, to enforce "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" in violation of the Fourth Amendment; in *Davis v. Passman*, 442 U.S. 228, holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1854-55 ("These three cases—*Bivens*, *Davis*, and *Carlson*— represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Abbasi*, 137 S. Ct. at 1843. Because *Bivens* is a judicially crafted

remedy, and not a statutory one like § 1983, courts should consider: (1) whether the case "presents a new context" and, if it does; (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity (internal quotations and citations omitted)). The Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020), and repeatedly held that such extensions are "a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an 'ancient regime' that freely implied rights of action" and that "ended long ago."), *cert. denied*, 141 S.Ct. 2669 (2021).

For purposes of implying a damages remedy under the Constitution, a proposed *Bivens* claim is "new" if the "case is different in a meaningful way from previous *Bivens* cases" in which the Supreme Court had recognized a *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1859. "Virtually everything else is a 'new context' " and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the Bivens trilogy 'is still an extension.'" *Oliva*, 973 F.3d at 442 (citations omitted). In short, "the proper test is whether the case differs in a meaningful way from *Bivens*, *Davis*, or *Carlson*." *Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (citing *Abbasi*, 137 S. Ct. at 1859; *Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020)).

4

Augusme's allegations present a "new context" even though the claims arise under the Eighth Amendment, which was at issue in *Carlson*. *Carlson* only recognized an implied damages remedy under the Eighth Amendment for failure to provide medical treatment. Other courts post-*Abbasi*, have also held that *Bivens* will not be extended to reach "non-medical care conditions of confinement" claims.[2]

Because Augusme presents a "new context," the Court must "contemplate whether there are 'any special factors that counsel hesitation about granting the extension.'" *Byrd*, 990 F.3d at 881. There are.

First, Congress has designed an alternative remedial structure under the Federal Tort Claims Act ("FTCA"). In addition, the BOP's Administrative Remedy Program provides an alternative process foreclosing a damages remedy under *Bivens*. *See Sheldon v. Underwood*, 3:19-CV-2041, 2022 WL 1651463, at *6 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 1644443 (N.D. Tex. 2022); *Dudley*, 2020 WL 532338, at *8; *Begay v. Leap*, 3:17-CV-2639, 2019 WL 1318410, at *3 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1315901 (N.D. Tex. 2019) (citations omitted); *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. 2018) (citing cases). Even if the FTCA or grievance process does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief

---

[2] *See Menard v. Mansi*, No. 21-cv-2130, 2021 WL 2156366, *4 (E.D. Pa. May 27, 2021) (citations omitted); *Hill v. Lappin*, No. 3:11-cv-1609, 2021 WL 2222725, *3 (M.D. Pa. Jun. 2, 2021) (noting that although courts "in the wake of *Abbasi*" initially did not *sua sponte* consider whether conditions-of-confinement claims remained viable, "[a]s the dust settles, however, and courts began to appreciate *Abbasi*'s watershed scope, the better-reasoned authority has declined to recognize a *Bivens* remedy for Eighth Amendment conditions-of-confinement. . . claims.").

5

necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444.

Additionally, the "administration of the federal prison system" is a special factor counseling hesitation against such expansion. *Nabaya v. Bureau of Prisons*, 3:19-cv-215, 2020 WL 7029909, at *5 (N.D. Tex. Oct. 7, 2020), *report and recommendation adopted*, 2020 WL 7027470 (N.D. Tex. Nov. 30, 2020); *see also Sheldon*, 2022 WL 1651463, at *6; *Petzold v. Rostollan*, 946 F.3d 242, 248 n.2 (5th Cir. 2019) ("[W]e are unlikely to imply a *Bivens* remedy for this new context as 'special factors' counsel hesitation in federal prison administration.") (citing *Abbasi*, 137 S. Ct. at 1857-58).

### C. Augusme is not entitled to a transfer to another prison.

A prisoner has no constitutionally protected interest in being housed at a particular facility. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). Therefore, Auguusme's request for transfer must be denied.

### III. Conclusion

Because Augusme fails to state a claim under *Bivens*, IT IS RECOMMENDED that his Complaint be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 13, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE